IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JESSICA KNUDSEN,<br><br>    Plaintiff,<br>v.<br><br>LUCKY PREMIUM TREATS, LLC,<br><br>    Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Jessica Knudsen (Plaintiff") and files this Complaint against Defendant Lucky Premium Treats, LLC ("Defendant"), and shows the following:

### I.    Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as

amended, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA") during Plaintiff's employment with Defendant.

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant conducts business in this jurisdiction and is subject to specific jurisdiction over the claims asserted herein. In addition, a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. §1367.

## III. Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

From on or about September 2, 2020 to on or about December 10, 2020 Plaintiff was employed by Defendant with the job title of bookkeeper.

7.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA.

8.

Throughout her employment with Defendant, Plaintiff's primary duty was the performance of non-exempt work, specifically discretion lacking tasks such as verifying credit card transactions, banking transactions, Home Depot transactions, and Amazon transactions and ensuring everything was entered into QuickBooks correctly.

9.

Throughout her employment, Plaintiff was paid on a salary basis, without overtime compensation, calculated at one and one half times her regular rate, for the hours she worked in excess of 40 in work weeks.

10.

Defendant is an "employer" as that term has been defined by the FLSA, 29 U.S.C. §203(d).

11.

During her employment, Plaintiff regularly worked an amount of time that was more than 40 hours in given workweeks and was not paid the overtime wage differential for hours she worked over 40 in workweeks.

12.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year and Defendant's gross revenues exceeded $500,000 in 2018, 2019 and 2020.

13.

Defendant knew or had reason to know that Plaintiff regularly worked in excess of 40 hours in workweeks without overtime compensation.

14.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

15.

Defendant failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over forty (40) hours in a workweek.

16.

Defendant misclassified Plaintiff as exempt from overtime.

## Count I

## Violations of the Fair Labor Standards Act.

17.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

18.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

19.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

20.

Defendant knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

## IV. Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C)  Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA, and that Defendant's violations of the FLSA were willful; and

(D)  Permit Plaintiff to amend her Complaint to add state law claims if necessary;

(E)  Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted,

This 21st day of January, 2021.

                                **BARRETT & FARAHANY**

                                /s/ V. Severin Roberts
                                V. Severin Roberts
                                Georgia Bar No. 940504
                                Attorney for Plaintiff

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com